## FISHER vs. FORBES.

Error to Oakland Circuit.

The statute against resulting trusts, applies only to those cases in which the deed is taken
by a party other than the one furnishing the consideration, *with the consent of the latter* ·

*Opinion by* COOLEY, J.—In the fall of 1854, complainant resi-
ded in Bennington, N. Y., on a parcel of land which he had pur-
chased of the Holland Land Company, and on which he was then
owing some $1,300, which he was unable to pay. The company had
sent an officer to remove him from the premises, when one Stillman
Goodenough, the complainant's brother-in-law, intervened and suc-
ceeded in obtaining two week's time in which to arrange the matter.
He arranged with one Patchin to re-exchange for complainant's inte-
rest in the property, an 80 acre lot in Milford, Oakland County,
Mich. The deed from Patchin ran to Goodenough as grantee, and
complainant does not seem to have objected to it. He took posses-
sion, however, claiming the land as his own, and has since been in
possession and made valuable improvements.

Goodenough conveyed the land, it seems, to his brother in 1855,
on an understanding, as he claims, that the title should still be held
by complainant. There have been several subsequent conveyances
until defendant has got the title and claims to be a grantee for value
and in good faith. It is, however, not claimed that he possesses any
greater equities than did Stillman Goodenough, and the complain-
ant's possession was notice of his title. Complainant now claims

that the conveyance to Goodenough was against his will and in fraud of his rights and seeks to gain the title for himself, while defendant insists that complainant assented to the conveyance, and that under our statute there is no resulting trust in his favor.

*Held*, That the statute applies only to those cases in which the deed is taken to a party other than the one furnishing the consideration, *with the consent of the latter.* From the facts which appear in this case it appears that Goodenough was acting in the interest of complainant and as his agent. He should therefore have had the deed made out to him or a trust clearly declared., so that it could be legally enforced.

The decree was correct and was affirmed with costs.